**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

-vs-                                   Case # 5:17cr27-013

MARDARRIUS COLLIER

USM # 25781-017

Defendant's Attorney:
Gary A. Roberts (Appointed)
130 Salem Court
Tallahassee, Florida 32301

_____

**JUDGMENT IN A CRIMINAL CASE**

The defendant pleaded guilty to count 1 of the indictment on January 19, 2018. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance | July 19, 2017 | 1 |

Count 7 is dismissed on the motion of the United States.

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:
March 29, 2018

s/Robert L. Hinkle
United States District Judge
April 1, 2018

## **IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **time served.**

## **RETURN**

I have executed this judgment as follows:
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this

judgment.

                                   _____
                                    UNITED STATES MARSHAL

                               By:_____
                                       Deputy United States Marshal

Case No. 5:17cr27-013

## **SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years.**

### **MANDATORY CONDITIONS**

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## **STANDARD CONDITIONS OF SUPERVISION**

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

Case No.  5:17cr27-013

**U.S. PROBATION OFFICE USE ONLY**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature_____    Date _____

# **SPECIAL CONDITIONS OF SUPERVISED RELEASE**

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant must submit to testing to determine whether he is using drugs or alcohol.

2. The defendant must successfully participate in substance-abuse treatment consisting of an initial evaluation—by a probation officer or outside provider—and any further appropriate treatment. The treatment may include cognitive behavioral therapy.

3. The defendant must provide the probation officer all requested financial information, business or personal.

4. The defendant must cooperate with the probation department and the appropriate state agency on child-support matters and must make all required child-support payments.

5. The defendant must serve **three (3) months** on home detention, with electronic monitoring, beginning at a time set by the probation officer. While on home detention, the defendant must be in the defendant's residence except for absences approved by the probation officer in advance for gainful employment, community service, religious services, medical care, education or training, or other similar purposes. But in the probation officer's discretion, the officer may implement this home-detention requirement as a curfew, requiring the defendant to be in the defendant's residence only during specific hours. The cost of home is not assessed against the defendant.

6. The defendant must make reasonable efforts to obtain a GED.

7. The defendant must submit to a search of his person, property, residence, office, vehicle, or surroundings, at the request of an officer who has reasonable suspicion that the search will turn up evidence of a crime or of a violation of a condition of supervision.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____         _____
Defendant                                                                           Date

_____         _____
U.S. Probation Officer/Designated Witness              Date

Case No. 5:17cr27-013

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| ASSESSMENT | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| $100.00 | -0- | -0- | -0- |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: immediately.

payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Case No. 5:17cr27-013